NO. 07-04-0234-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



NOVEMBER 15, 2004



______________________________




ALEXANDER PERRY, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee


_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-435,807; HON. BRADLEY UNDERWOOD, PRESIDING



_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Appellant Alexander Perry appeals from a judgment convicting him of possession
with intent to deliver a controlled substance. We affirm.

 Appellant's counsel has moved to withdraw, after filing a brief pursuant to Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 492 (1967) and representing that she
has searched the record and found no arguable grounds for reversal. The motion and brief
illustrate that counsel notified appellant of his right to review the appellate record and file
his own brief. So too did we inform appellant that any pro se response or brief he cared
to file had to be filed by November 4, 2004. To date, appellant has failed to file either a
response or brief or request an extension to do so.

 In compliance with the principles enunciated in Anders, appellate counsel discussed
two possible grounds for appeal. They involve 1) whether the trial court erred in denying
his motion to dismiss the indictment because he had an agreement with police that the
indictment would be dismissed if he assisted the police in other drug investigations, and 2)
whether the trial court erred in overruling his motion to exclude the drug evidence because
a proper chain of custody was not proven. However, counsel then proceeded to explain
why each argument lacked merit. 

 We have also conducted our own review of the record to assess the accuracy of
appellate counsel's conclusions pursuant to Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991). Finding no reversible error, we grant the motion to withdraw and affirm the
judgment. 


 Brian Quinn 

 Justice


Do not publish. 



), and Hardeman did not file one, we cannot but dismiss the appeal. Id. 

 Accordingly, the appeal is dismissed for want of jurisdiction. 


 Per Curiam